UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER BROOKS,

        Plaintiff,              Case No. 2:10-cv-137

v.                                      Honorable Gordon J. Quist

TIMOTHY P. GREELEY,

        Defendant.
_____/

**OPINION**

This is a Petition for Writ of Mandamus brought by a state prisoner pursuant to 28 U.S.C. § 1361. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the following reasons, Plaintiff's action will be dismissed.

    I.      Factual allegations

Plaintiff currently is incarcerated at Oaks Correctional Facility. He was convicted of armed robbery and felony firearm pursuant to a nolo contendere plea on August 22, 1996. He was sentenced on September 26, 1996 to 3 to 20 years' imprisonment for the armed robbery conviction, Mich. Comp. Laws § 750.529, and 2 years for the felony-firearm conviction, Mich. Comp. Laws § 750.227b. Plaintiff's sentence for the felony-firearm conviction was to be served consecutive to the armed robbery sentence, and was to be served first. On April 7, 2003, he filed

a petition for habeas corpus relief with this Court. *Brooks v. Louma*, No. 2:03-cv-68 (W.D. Mich.). Defendant the Honorable Timothy P. Greeley issued a report and recommendation dismissing Plaintiff's habeas petition with prejudice because it was barred by the statute of limitations. *Brooks,* No. 2:03-cv-68, (docket #4). The report and recommendation was adopted by the district court in an opinion, order and judgment on June 17, 2003. *Brooks,* No. 2:03-cv-68 (docket ##10, 11).

Plaintiff has now filed a petition for writ of mandamus requesting this Court vacate the report and recommendation and the opinion, order and judgment adopting the report and recommendation because both relied on false information. Specifically, Plaintiff asserts that he never filed an appeal and, therefore, the running of the statute of limitations was calculated incorrectly. Consequently, Plaintiff argues that his petition should not have been dismissed as time-barred.

II.     Merits

Although Plaintiff has filed this action as a petition for writ of mandamus, mandamus is not a proper vehicle for challenging this Court's judgment in *Brooks v. Louma*, No. 2:03-cv-68 (W.D. Mich. June 17, 2003). The action more properly is characterized as a motion for relief from that judgment under Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion for relief from judgment may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Plaintiff's petition asserts legal error, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Ret.*

*Funds*, 770 F.2d 449, 451 (6th Cir. 1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)). A motion under Rule 60(b)(1) must be made within a reasonable time, not more than one year after the judgment or order was taken. FED. R. CIV. P. 60(b). The Sixth Circuit holds that a Rule 60(b) motion claiming legal error must be brought within the same time that an appeal may be filed. *Pierce*, 770 F.2d at 451; *Harris v. Ohio*, No. 973621, 1998 WL939836, at *2 (6th Cir. Dec. 21, 1998). Plaintiff had thirty days in which to file an appeal. FED. R. APP. P. 4(a)(1). His motion, filed seven years later, is untimely.

Further, it appears no legal error was made. According to documents attached to Plaintiff's original petition in *Brooks v. Louma*, Plaintiff stated that he "does not want to appeal his sentence" and that he "wished his circuit case No. 96-27270 be dismissed because **he filed the appeal** and request for appointment in error." (Aff., *Brooks v. Louma*, 2:03-cv-68, Page ID ##29-30) (emphasis added). These documents were attached to a motion that was granted on December 11, 1996 allowing appointed counsel to withdraw. (*See* Order, docket #1-1, Page ID #11; state court docket sheet, docket #1-1, Page ID #10.)

Moreover, Plaintiff's habeas petition would still be time-barred even if Plaintiff never appealed his conviction. The applicable one-year statute of limitations provided is in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Plaintiff was sentenced on September 26, 1996. Assuming Plaintiff's allegation in this mandamus petition is true, he did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of

direct review *or the expiration of time for seeking such review*." ) (emphasis added). Plaintiff pleaded nolo contendere on August 22, 1996. He had one year, until September 26, 1997, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3).[2] Because Plaintiff failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Plaintiff's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Plaintiff may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the 90-day period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the 90-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Plaintiff's conviction became final on September 26, 1997.

Plaintiff had one year after his petition became final, or until September 26, 1998, in which to file his habeas petition. He did not file his petition for habeas corpus relief until April 7, 2003. *Brooks v. Louma*, 2:03-cv-68 (W.D. Mich. 2003). Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

---

[2] Plaintiff originally filed a notice of appeal, but he withdrew that appeal on December 11, 1996. Nevertheless, he continued to have until September 26, 1997 to file a delayed application for leave to appeal in the Michigan Court of Appeals.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Plaintiff's one-year period expired in 1998, his collateral motion filed in 2000 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Plaintiff failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Plaintiff is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Plaintiff would not have been entitled to equitable tolling of the statute of limitations.

For all those reasons, Plaintiff's petition for writ of mandamus will be dismissed.

A Judgment consistent with this Opinion will be entered.


Dated: August 16, 2010          /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE